FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 MAY 29 PM 4:28

U.S. DISTRICT COURT
N.D. OF ALABAMA

NEW SUMMIT MANUFACTURING, LLC,  }
                                }
    Plaintiff/                  }
    Counterclaim Defendant,     }
v.                              }   CV 03-AR-0234-S
                                }
                                }
HEAVY METAL BESSEMER, LLC,      }
                                }
    Defendant/                  }
    Counterclaim Plaintiff.     }

ENTERED
MAY 29 2003

**MEMORANDUM OPINION**

Before the court is a motion for partial dismissal filed by plaintiff/counterclaim defendant, New Summit Manufacturing, LLC, ("New Summit"), and a motion to strike the second supplement to that motion to dismiss filed by defendant/counterclaim plaintiff, Heavy Metal Bessemer, LLC ("Heavy Metal"). New Summit seeks dismissal of Counts II and III of Heavy Metal's counterclaim for failure to state a claim, and seeks to strike a transcript submitted by Heavy Metal in response to New Summit's motion to dismiss.

**Facts**

New Summit initiated the present action against Heavy Metal to recover certain personal property ("the Summit Alabama inventory and equipment") from Heavy Metal. Heavy Metal is the owner and operator of a site called the Alabama Industrial

1



Center, a portion of which Summit Alabama, LLC ("Summit Alabama") leased for its business, namely, the manufacturing and selling of steel poles for the power and communications industry.  Summit Alabama ceased making rent payments under its lease, whereupon Heavy Metal, by notice dated March 15, 2002, accelerated the payments owed it by Summit Alabama.  On July 8, 2002, Summit Alabama and its affiliate, Summit Manufacturing, LLC ("Summit Manufacturing"), filed for chapter 11 bankruptcy in the United States Bankruptcy Court of the Middle District of Pennsylvania.

On September 4, 2002, the bankruptcy court in Pennsylvania, approved an asset purchase agreement between Summit Alabama and Summit Manufacturing (the "debtors"), as sellers, and New Summit (the "purchaser"), authorizing the purchase "of substantially all of the assets of the debtor[s'] business operations . . . free and clear of liens, claims, encumbrances, and interests . . . ." The court's order further stated that "upon the closing of the Asset Sale to the Purchaser under the Agreement, the Debtors' interest in the Assets shall be free and clear, **with the exception of any possessory liens of any third parties actually in possession of the Assets,** of: . . . liens, judgments, demands, encumbrances, easements, restrictions, . . . ."  The bankruptcy court retained "jurisdiction to decide any disputes arising between the Purchaser and the Debtors with respect to the Agreement and/or th[e] Order."  The court also retained

2

jurisdiction to decide disputes arising between the purchaser and the galvanizers, creditors-in-possession of Summit Alabama poles for galvanizing at the time of the petition, with respect to assets of the debtors transferred to the purchaser.

By an order of October 1, 2002, the bankruptcy court approved a stipulation between Summit Alabama and Heavy Metal filed on September 27, 2002, that stated the following:

> 1. Heavy Metal Bessemer, LLC ("HMB") is the owner of certain real property and improvements known as The Alabama Industrial Center, located at Fifth Avenue and Twenty-Forth Street in Jefferson County, Bessemer, Alabama (the "Property").
>
> 2. A portion of the Property (the "Leased Premises") was leased to Summit Alabama, LLC ("Summit Alabama") by HMB pursuant to the terms of a Lease Agreement (the "Lease") dated as of October 1, 2000. The Lease is for a term of fifteen (15) years, commencing on October 1, 2000. The Leased Premises consists of approximately 200,902 square feet of building space containing forty-three (43) bays, approximately 6,000 square feet of office space, and other ancillary space.
>
> 3. Pursuant to Section 20(a) of the Lease, an event of default occurs upon the failure of Summit Alabama "to pay any installment of Rent or to make any other payment required under the terms hereof on the date that such rent or other payment became due and payable and such failure continues for ten (10) days after written notice from Landlord."
>
> 4. On March 15, 2002, HMB issued a Notice of Default, Termination of Lease and Enforcement of Landlord's Lien, pursuant to which HMB provided notice that an event of default under the Lease had occurred as a result of failure of Summit Alabama to pay installments of rent when due and payable, and that HMB had elected to terminate the Lease.
>
> 5. On April 4, 2002, HMB made written demand upon Summit Alabama to quit and deliver to HMB possession of the Leased Premises within ten (10) days.

      6.  Pursuant to Section 6-6-310 of the Code of Alabama, HMB instituted an unlawful detainer action on April 19, 2002, by filing a Statement of Claim in the District Court of Jefferson County, Bessemer Division, Case No. 2002-321.

      7.  The unlawful detainer action was set for trial on July 8, 2002, (the "Petition Date"), at 2:00 p.m. On the morning of the scheduled trial date, Summit Alabama filed its voluntary chapter 11 petition in this Court.

      8.  To the extent, if any, that the Lease continued to be an unexpired lease of non-residential property for purposes of 11 U.S.C. § 365, such Lease has been rejected by operation of 11 U.S.C. § 365(d)(4), and Summit Alabama is thereby required to surrender the Leased Premises to HMB.

      9.  Summit Alabama desires to immediately surrender possession of the Leased Premises to HMB.

      10.  The Lease was terminated by HMB prior to the Petition Date, and accordingly, the Lease may not be assumed by Summit Alabama.  Summit Alabama has not engaged in business operations at the Leased Premises since prior to the Petition Date, and it does not intend to resume business operations at the Leased Premises.  Summit Alabama has no equity in the Lease or in the Leased Premises and the Lease in not necessary for an effective reorganization.

      11.  HMB and Summit Alabama agree that (a) the Lease is terminated and (b) Summit Alabama shall immediately surrender the Leased Premises to HMB.

Counts II and III of Heavy Metal's counterclaim against New Summit assert both a statutory lien pursuant to Alabama Code §35-9-60 and a contractual lien for payment of rents on the personal property in the possession of Heavy Metal that was brought onto the leased premises by Summit Alabama.  Heavy Metal contends that the bankruptcy court's order for sale of the assets of Summit Alabama to New Summit expressly excluded the property in question

and preserved the "possessory liens of any third parties actually in possession of the Assets."

New Summit argues that Heavy Metal did not have actual possession of the leased premises until October 1, 2002, when the stipulated agreement was approved by the bankruptcy court, and therefore, that Summit Alabama remained in "possession" of the premises until that time so that Heavy Metal had no right of possession or a possessory lien.

Heavy Metal disputes New Summit's characterization of the facts and maintains, to the contrary, that Heavy Metal took possession of the premises after the lease was terminated on March 15, 2002, prior to the petition date. It is therefore Heavy Metal's contention that the Summit Alabama inventory and equipment in question remained on the premises in Heavy Metal's possession from that time. Accordingly, Heavy Metal contends that it was a "party in actual possession" at the time of the court's order, and its lien is therefore an exception. In support of its contention, Heavy Metal submitted a second supplement in response to New Summit's motion to dismiss to clarify what the bankruptcy court meant by its exception of "possessory liens of any third parties actually in possession of the Assets." Heavy Metal has submitted a transcript of the hearing before the bankruptcy court on the motion to approve the sale of the debtors' assets to New Summit. According to that

5

transcript, Rajendra Pawar ("Pawar") and others are the owners of New Summit Manufacturing, which was the successful bidder and purchaser of Summit Alabama.  Pawar was a former fifty percent owner and CEO of Summit Manufacturing, one of the debtors.  In 1998, Pawar relinquished all but ten percent ownership of Summit Manufacturing, and then in late 2000 or early 2001 he relinquished all ownership.  After Pawar's attorney proffered to the bankruptcy court testimony regarding the successful bid and Pawar's connection to the debtors, the court asked if there was anything further.  Counsel for the debtors responded:

> Yes, Your Honor, I would like to just state very generally five points with regard to the proposed sale that will ultimately be embodied in the agreement to be presented to the Court.  The first is as previously part of the proffered testimony, Mr. Pawar's bid is $4,100,000.  And it's to confirm to the Court, as well, that Cozen O'Connor as counsel for the debtors did receive, in accordance with the bidding procedures, $410,000 on August 23, 2002.  Secondly, that in general concept, this is an as is, where is transaction.  That Mr. Pawar is taking all of the debtors' right, title and interest in and to its assets, but there are no representations with regard to the claims of others against those assets but for the lenders who have agreed to release their liens.  There are two very specific groups of assets that have been of controversy during the course of these Chapter 11 cases.  The first, as Your Honor may remember, that we needed to present what we characterized as a galvanizer protocol, which arose because the debtors have hundreds of transmission poles at galvanizers throughout the country which are in storage.  And where Your Honor approved a procedure that would permit the debtors during the Chapter 11 cases to pay for individual pole storage and galvanizing charges, but not to be forced to pay for all of the poles in the possession of an individual galvanizer in order to deliver to customer. . . Secondly, Your Honor, the debtors have assets in

6

> their former lease location in Alabama.  There being
> two debtors in front of Your Honor, Summit
> Manufacturing, LLC and Summit Alabama, LLC.  And Your
> Honor has previously been told that Summit Alabama, LLC
> ceased operation in March, 2002 prior to the Chapter 11
> cases, but that Summit Alabama, LLC has some personal
> property which may be of interest to a proposed
> purchaser.  Indeed, New Summit is interested in some of
> the personal property in Alabama.  But the debtors have
> not paid any rent in Alabama since February, 2002.  And
> the landlord is asserting a possessory lien on Summit
> Manufacturing and Summit Alabama assets.  Mr. Pawar has
> further agreed to through New Summit that it will be
> the purchaser's obligation to negotiate a transfer and
> release of those assets with the landlord and that the
> landlord's rights will not be relegated to the proceeds
> of sale.

Neither counsel for New Summit nor for Pawar commented upon nor challenged these statements.

Heavy Metal argues that there can be no doubt that New Summit purchased the assets subject to its landlord's lien and that New Summit was fully aware of those liens and for purposes of the court's order they were "possessory liens."  Nevertheless, even though Heavy Metal proffers the transcript it urges this court not to expand the court's consideration of New Summit's motion beyond the standard of a Rule 12(b)(6) motion.

New Summit has filed a motion to strike the transcript.  As grounds for its objection, New Summit contends that Mr. Colton ("Colton"), counsel for Summit Alabama, did not have authority to speak on behalf of New Summit and/or Pawar.  Accordingly, New Summit contends that the transcript is nothing more than hearsay,

7

and, as such, it must be stricken.

## Conclusion

The court finds New Summit's arguments unpersuasive and by separate order will deny its motion for dismissal of Counts II and III of Heavy Metal's counter-complaint and its motion to strike. The bankruptcy court retained jurisdiction to resolve disputes between the purchaser, New Summit, and the debtors, Summit Alabama and Summit Manufacturing, regarding the purchase and/or its order, and the purchaser and the galvanizers. While that court did not specifically retain jurisdiction to resolve disputes between the purchaser and the creditor, Heavy Metal, this court could transfer this matter to the bankruptcy court if the parties prefer it.

DONE this _30th_ day of May, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE